IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ETHEL THOMAS WOOD, as Executor )
of the Estate of JAMES WAVERLY )
WOOD, Deceased, )
)
        Plaintiff, )
)
    v. )        1:16CV1033
)
UNITED STATES OF AMERICA, )
)
        Defendant. )

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, District Judge.

    Plaintiff Ethel Wood seeks to reprise her lawsuit on behalf of her deceased husband against the Department of Veterans Affairs ("VA") pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 et seq. ("FTCA"). (Doc. 1 at 7-9.) The court dismissed Wood's prior lawsuit, which alleged general negligence in connection with her husband's heart surgery, on the grounds that it could only proceed, if at all, as a medical malpractice claim. See Wood v. United States (hereinafter Wood I), No. 1:14CV1004, 2016 WL 3962618 (M.D.N.C. July 21, 2016). Wood's present action alleges medical malpractice, but the United States moves to dismiss it on the ground that it is facially barred by the statute of limitations. (Doc. 5.) For the reasons set forth below, the United States' motion will be granted, and the complaint will be dismissed with prejudice.

## I. BACKGROUND

Wood's husband died on August 23, 2012, following heart surgery at the VA on August 9, 2012. (Doc. 1 at 1, ¶ 2.) On December 12, 2013, Wood submitted a Claim for Damage, Injury, or Death, which the VA denied on June 6, 2014. (Id. at 2, ¶ 7.) On December 1, 2014, she brought FTCA claims in this court for premises liability and for medical malpractice. (No. 1:14cv1004 Doc. 1 at 5-6, ¶¶ 33-38.) Over one year later, on December 11, 2015, she voluntarily amended her complaint to replace her medical malpractice claim with a claim for ordinary negligence because she asserted that the allegedly deficient conduct (transferring Wood's husband from the operating table to the transfer bed) "involved predominantly physical and manual conduct, which constitutes ordinary negligence, and not the rendition of professional medical services, which constitutes medical malpractice." (No. 1:14cv1004 Doc. 23 at 2.)

In due course, the United States moved for summary judgment as to Wood's premises liability and negligence claims, and on July 21, 2016, this court granted the motion. (No. 1:14cv1004 Doc. 45.) Noting that "the FTCA claim can only proceed, if at all, as a medical malpractice claim," which Wood had earlier pleaded but voluntarily dismissed and which would require an expert certification under North Carolina Rule of Civil Procedure 9(j), the court dismissed the negligence claim without prejudice "in the

2

event it [was] susceptible to being refiled as a properly pleaded medical malpractice claim." 2016 WL 3962618, at *8. The court added sua sponte: "Pursuant to North Carolina Rule of Civil Procedure 41(b), a new action in compliance with North Carolina Rule of Civil Procedure 9(j) based on the medical malpractice claim may be commenced within one year or less of this dismissal." Id.

On August 8, 2016, Wood filed the present action, restating her medical malpractice claim as to the VA's care of her husband. The United States now moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the claim is facially barred by the FTCA's six-month statute of limitations. (Doc. 15.) Wood, though conceding that North Carolina Rule of Civil Procedure 41(b) is inapplicable to her FTCA claim, nevertheless argues that the court's statement as to Rule 41(b)'s saving provision saves her from the application of the FTCA's statute of limitations.

The motion is fully briefed and is ready for decision.

## II. ANALYSIS

### A. Procedural Posture and Law of the Case

At the outset, Wood argues that the United States cannot proceed by way of a motion to dismiss because it seeks to collaterally attack the judgment in Wood I, which she says gave her leave to refile her claim. She argues that under the "law of the case" doctrine, the United States is bound by that

3

determination, which she characterizes as "borrowing and applying" Rule 41(b)'s savings provision. (Doc. 8 at 3, 5-7.) Had the United States been concerned about the court's statement as to North Carolina Rule of Civil Procedure 41(b), she concludes, it should have appealed <u>Wood I</u> or moved to amend the judgment under Federal Rule of Civil Procedure 59(e) and has now forfeited any objection to it. (<u>Id.</u> at 12-13.)

But Wood concedes that North Carolina Rule of Civil Procedure 41(b) "would not normally apply" to toll the statute of limitations for an FTCA claim. (Doc. 8 at 3-4.) Consequently, had she sought to avoid the application of the federal statute of limitations, it was incumbent upon <u>her</u> to seek leave to amend her complaint before entry of judgment, to seek to amend the judgment pursuant to Rule 59(e), or to appeal the judgment. She never asked for leave to amend, but she did file her current complaint eighteen days after <u>Wood I</u>'s dismissal. At that point she still had time to seek an amended judgment or to take an appeal. <u>See</u> Fed. R. Civ. P. 59(e) (providing twenty-eight days in which to move to alter or amend a judgment); Fed. R. App. P. 4(a)(1)(B) (providing sixty days in which to appeal a judgment when one of the parties is the United States). She did neither. At no time has she claimed that she forewent any option because she relied on the court's citation to North Carolina Rule of Civil Procedure 41(b).

Wood argues nevertheless that the law-of-the-case doctrine

4

precludes the United States from asserting a statute of limitations defense. This is incorrect. Most importantly, Wood I did not decide the issue the United States now raises: whether the applicable statute of limitations for the FTCA bars her medical malpractice (or negligence) claim. The only timing issue raised in Wood I was whether Wood had administratively presented her claims, and the court found that she had. 2016 WL 3962618 at *3-4. Furthermore, courts have consistently held that the doctrine applies only when an issue is actually litigated by the parties. See Dorocon, Inc. v. Burke, No. CIV.A. 02-2556, 2005 WL 3454338, at *13 (D.D.C. Dec. 16, 2005) ("[T]he 'law-of-the-case doctrine' requires that an issue is (1) litigated and then (2) decided."); id. (holding the doctrine inapplicable in part because the parties did not litigate the relevant issue); see also United States v. U.S. Smelting Ref. & Min. Co., 339 U.S. 186, 198 (1950) ("The rule of the law of the case is a rule of practice, based upon sound policy that when an issue is once litigated and decided, that should be the end of the matter." (emphasis added)). In Wood I, neither party briefed, nor did the court address, the statute of limitations question.[1]

---

[1] Moreover, the law-of-the-case doctrine applies only to decisions in the same case. Arizona v. California, 460 U.S. 605, 618 (1983), decision supplemented, 466 U.S. 144 (1984); see also TFWS, Inc. v. Franchot, 572 F.3d 186, 191 (4th Cir. 2009) ("The law of the case doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" (quoting United States v. Aramony, 166 F.3d 655, 661 (4th Cir.

5

**B. Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) is a proper vehicle for the United States' challenge. A statute of limitations "constitutes an affirmative defense and may be raised by motion pursuant to [Rule 12(b)(6)] if the time bar is apparent on the face of the complaint." Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 474 (4th Cir. 2005) (citations omitted); see also Semenova v. Md. Transit Admin., __ F.3d __, No. 15-2125, 2017 WL 89019, at *2 (4th Cir. Jan. 10, 2017) (same (citing Dean, 395 F.3d at 474)). The complaint alleges that the VA denied Wood's claim on June 6, 2014. (Doc. 1 at 2, ¶ 7.) The complaint is dated August 8, 2016 (id. at 10). The United States' motion challenges Wood's claim solely on the ground that the statute of limitations bars it, which tests only the legal sufficiency of Wood's claim based on the facts

---

1999)) (emphasis added)). Unless the court were to construe its decision in Wood I as granting leave to amend Wood's already-amended complaint (No. 1:14cv1004 Doc. 27) – a remedy she did not request, neither party briefed, and to which neither the order nor judgment in Wood I refers – it is unclear whether this is the same case.

Even if it is, however, the law-of-the-case doctrine always allows a court to revisit decisions that are clearly erroneous. See Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988) ("[T]he law-of-the-case doctrine 'merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power.'" (quoting Messinger v. Anderson, 225 U.S. 436, 444 (1912))); Arizona, 460 U.S. at 619 n.8 ("Under law of the case doctrine, as now most commonly understood, it is not improper for a court to depart from a prior holding if convinced that it is clearly erroneous and would work a manifest injustice." (citing White v. Murtha, 377 F.2d 428, 431–32 (5th Cir. 1967))). For the reasons noted infra, Wood concedes that North Carolina Rule of Civil Procedure 41(b) has no application to the FTCA statute of limitations.

6

alleged.  See Dickinson v. Univ. of N.C., 91 F. Supp. 3d 755, 763 (M.D.N.C. 2015) ("To succeed on a statute-of-limitations defense at this stage, all facts necessary to show the time bar must clearly appear 'on the face of the complaint.'" (quoting Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007))).

The purpose of a Rule 12(b)(6) motion is to "test[] the sufficiency of a complaint" and not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).  In considering a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and all reasonable inferences must be drawn in the plaintiff's favor, Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997).  To be facially plausible, a claim must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable" and must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  While "the complaint, including all reasonable inferences therefrom, [is] liberally construed in the plaintiff's favor," Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004) (citing McNair v. Lend Lease Trucks, Inc., 95 F.3d

7

325, 327 (4th Cir. 1996)), this "does not mean that the court can ignore a clear failure in the pleadings to allege any facts [that] set forth a claim." Id. at 646. Mere legal conclusions are not accepted as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

### 1. Wood I

This court's Order in Wood I sua sponte invoked North Carolina Rule of Civil Procedure 41(b).[2] Under that rule, a court that dismisses a claim without prejudice "may . . . specify in its order that a new action based on the same claim may be commenced within one year or less after such dismissal." This savings provision applies only when the dismissing court affirmatively states that the claimant is entitled to refile her claim within a particular time. Williams v. Cathy, No. CIV. 3:08CV65, 2008 WL 2277544, at *3 (W.D.N.C. June 2, 2008) (citing Harter v. Vernon, 139 N.C. App. 85, 89, 532 S.E.2d 836, 839 (2000)).

It is well-established that when sitting in diversity over a North Carolina State-law claim, a federal court may apply Rule

---

[2] The court did so unaware of whether it would affect the relevant statute of limitations but out of an abundance of caution, aware that a plaintiff who failed to invoke Rule 41(b) could not later seek to take advantage of it. Williams v. Cathy, No. CIV. 3:08CV65, 2008 WL 2277544, at *3 (W.D.N.C. June 2, 2008) (holding that the plaintiff bears of the burden of invoking Rule 41(b) (citing Clark v. Velsicol Chem. Corp., 110 N.C. App. 803, 809, 431 S.E.2d 227, 230 (1993), aff'd, 336 N.C. 599, 444 S.E.2d 223 (1994))). The intent of the court was to grant Wood whatever rights, if any, Rule 41(b) bestowed on her.

41(b). See, e.g., Topshelf Mgmt., Inc. v. Campbell-Ewald Co., No. 1:15CV939, 2016 WL 4491650, at *2 (M.D.N.C. Aug. 26, 2016); Williams, 2008 WL 2277544, at *3. However, it equally well-established – and Wood concedes (Doc. 8 at 3-4) - that when a federal court exercises jurisdiction based on a federal statute that contains its own statute of limitations, such as the FTCA, a State's savings provisions will not apply. See Miller v. United States, 932 F.2d 301, 303 (4th Cir. 1991) (holding that "federal law defines the limitations period" for FTCA claims); U.S. ex rel. Martin Marietta Materials, Inc. v. DTC Engineers & Constructors, LLC, No. 5:11-CV-111-F, 2012 WL 2311491, at *4 (E.D.N.C. June 18, 2012) ("[C]ases brought before the district court in which jurisdiction is not based on diversity of citizenship need not consider the applicability of a savings provision . . . ." (citing inter alia In re Matthews, 395 F.3d 477, 480 (4th Cir. 2005))). This is true even though, as the parties agree, North Carolina's Rule of Civil Procedure 9(j) does apply, as part of North Carolina substantive law, to her FTCA claim for medical malpractice. See Boula v. United States, No. 1:11CV366, 2013 WL 5962935, at *2 (M.D.N.C. Nov. 7, 2013) (finding that Rule 9(j)'s certification requirement applies to a medical malpractice action under the FTCA). Therefore, as Wood now readily concedes, citation to Rule 41(b) in Wood I had no legal effect in extending her federal statute of limitation as to any FTCA claim.

9

Wood now argues, however, that the court must have intended to "borrow" Rule 41(b)'s savings provision to allow her one year to refile her case. (See, e.g., Doc. 8 at 11.) It is not clear what this means. Either Rule 41(b) applies or it does not. In any event, it was not the court's intent to "borrow" the provision. Indeed, Wood never requested leave to amend her complaint, and no party briefed the application of Rule 41(b). The court, sua sponte, merely offered to make a Rule 41(b) finding if it applied. As is now apparent, and as Wood concedes, it does not, and it does not therefore help Wood as to the federal statute of limitations applicable to her claim.

The only mechanisms by which a court may extend the FTCA's statute of limitations are equitable tolling and Federal Rule of Civil Procedure 15. Wood never sought, nor did Wood I mention, either of these.

The FTCA's statute of limitations is a condition of Congress' waiver of sovereign immunity, and as such, the court must toll it only "sparingly." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). "Plaintiffs are entitled to equitable tolling only if they show that they have pursued their rights diligently and extraordinary circumstances prevented them from filing on time." Raplee v. United States, 842 F.3d 328, 333 (4th Cir. 2016) (citing Holland v. Florida, 560 U.S. 631, 649 (2010)). The Fourth Circuit has explained that "equitable tolling is reserved for 'those rare

10

instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" Id. (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

There were no such extraordinary circumstances here. Wood abandoned her claim for medical malpractice in Wood I after a year of litigation in favor of a claim for ordinary negligence. No party briefed the issue of equitable tolling, and Wood vigorously pursued her ordinary negligence claim throughout the lawsuit, never seeking leave to amend her complaint to return to or add the medical malpractice claim. As such, her claim met neither condition of equitable tolling: she did not pursue her newly asserted rights diligently – indeed, she chose to give up the legal theory she now attempts to resurrect; and the circumstance that prevented her timely refiling was not extraordinary but rather deliberate and self-imposed, based on what appears to have been a calculated strategic decision by able counsel. See Nickelson v. United States, No. CV14-3654 (AJW), 2016 WL 6495358, at *3 (C.D. Calif. Nov. 2, 2016) (rejecting equitable tolling in FTCA action for lawyer's "garden variety" error in not obtaining certification from medical provider for complaint required under State law).

Wood cites three cases for the proposition that in Wood I the court had the power to grant her leave to refile her claim outside the FTCA's statute of limitations. (See Doc. 8 at 8-10 (citing

11

Baxter v. United States, No. 115CV00633JCCIDD, 2016 WL 3618363 (E.D. Va. July 6, 2016); Bush v. United States, No. 1:14-CV-1057, 2014 WL 6836955, at *1 (M.D. Pa. Nov. 12, 2014), report and recommendation adopted as modified, No. 1:14-CV-1057, 2014 WL 6836994 (M.D. Pa. Dec. 3, 2014); McRae v. Soc. Sec. Admin., No. C06-01999MJJ, 2007 WL 687484 (N.D. Cal. Mar. 5, 2007)).) As the United States notes (Doc. 9 at 3), the courts in those cases allowed claimants to file amended complaints in existing cases before entry of final judgment. (See Doc. 9-1 at 7 (showing an amended complaint filed following the order in Baxter); Doc. 9-8 at 4-5 (consolidating the order granting leave to refile in Bush with the case "created" by the plaintiff's amended complaint); Doc. 9-2 at 2 (construing the order in McRae as "grant[ing] [the plaintiff] leave to amend certain of her claims" and dismissing the case for the plaintiff's failure to do so).) In other words, none of those courts allowed a plaintiff leave to file a new action in a new case; they simply allowed the plaintiffs to file amended complaints that would relate back to the original filing and thus state otherwise-time-barred claims.³ See Fed. R. Civ. P. 15(c); cf. Grattan v. Burnett, 710 F.2d 160, 163 (4th Cir. 1983) (applying

---

³ It is also notable that Wood construes the order in Wood I to give her a much longer period in which to refile her claim than the plaintiffs in Baxter, Bush, and McRae were given. (See Doc. 8 at 11 (asserting that "this Court . . . permitted [Wood] a year" to refile her action (emphasis added)).) See Baxter, 2016 WL 3618363, at *1 (providing the plaintiff fourteen days to refile); Bush, 2014 WL 6836994, at *1 (twenty-one days); McRae, 2007 WL 687484, at *6 (twenty days).

12

Rule 15(c) to bring an amended complaint within Title VII's statute of limitations), aff'd, 468 U.S. 42 (1984).

Rule 15 authorized those courts to amend existing actions so that new claims would relate back for purposes of the FTCA's statute of limitations. Here, a final judgment was issued in Wood I, and Wood's new claim cannot be construed as an amended complaint to that earlier action. Consequently, the complaint in the present case does not relate back to her first complaint because it was not an amended pleading but rather a separate filing. O'Donnell v. Vencor, Inc., 466 F.3d 1104, 1111 (9th Cir. 2009) (noting that the plaintiff's "second complaint does not 'relate back' to her first complaint because her separate complaint was not an 'amendment' to her complaint, but rather a separate filing")(citing Fed. R. Civ. P. 15(c)(2)).

Wood argues that the court may dismiss an FTCA claim without prejudice and give the plaintiff more time to file a claim "by simply dismissing without prejudice and providing a stated amount of time by which to file an entirely new action." (Doc. 8 at 10.) But the case Wood cites in support of that proposition establishes only that "a district court ordinarily has discretion to decide whether to dismiss an action, including for failure to state a claim, with or without prejudice." McLean v. United States, 566 F.3d 391, 407 (4th Cir. 2009) (citations omitted).

In any event, it was neither the intent nor the effect of

13

Wood I to grant Wood general leave to file a new case or to amend her already-amended complaint.  As a result, the dismissal of Wood I without prejudice left Wood in the same position as if the action had never been filed, and any tolling effect the suit had on a statute of limitations was "wiped out."  Elmore v. Henderson, 227 F.3d 1009, 1011 (7th Cir. 2000).

## 2. FTCA Statute of Limitations

Having concluded that the Wood I judgment did not authorize Wood to amend or refile her medical malpractice claim, the court turns to the question of whether the claim is barred by the FTCA's statute of limitations.

The FTCA provides that a tort claim against the United States "shall be forever barred . . . unless action is begun within six months after . . . the denial of the claim by the agency."  28 U.S.C. § 2401(b).  The VA denied Wood's claim by letter dated June 6, 2014.  (Doc. 1 at 2, ¶ 7.)  Wood brought the present action over two years later, on August 8, 2016.  (Id. at 10.)  Her claim is therefore barred unless it is eligible for equitable tolling.  But, as noted above, Wood I did not apply the doctrine of equitable tolling, and for the reasons noted, Wood has not demonstrated that she is entitled to it in the present case.

In sum, the circumstance that led to Wood's loss of the medical malpractice claim was her own deliberate litigation decision.  Facing a threatened dismissal in Wood I, she did not

14

ask for leave to amend, and upon the dismissal in Wood I, she did not request amendment of the judgment to allow leave to amend even though she acknowledges that North Carolina's Rule 41(b) does not save her claim.  Consequently, the United States' motion to dismiss will be granted.

**III. CONCLUSION**

For the reasons stated, the complaint is barred by the FTCA's statute of limitations, 28 U.S.C. § 2401(b).

IT IS THEREFORE ORDERED that the United States' motion to dismiss (Doc. 5) is GRANTED and the complaint (Doc. 1) is DISMISSED WITH PREJUDICE.

／s／  Thomas D. Schroeder
United States District Judge

February 23, 2017